## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**HERBERT WARD**                                                                    **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:08CV-P238-S**

**FRANK W. KEMEN et al.**                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Herbert Ward, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss certain claims and allow other claims to go forward.

### I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Reformatory (KSR). He sues in their individual and official capacities, Frank W. Kemen, KSR Hospital Administrator, and KSR doctor Steven White. He states that on November 9, 2007, he was seen by Dr. White for what he thought was a cyst on his groin but which turned out to be a hernia. He alleges that he was told by Dr. White that the Kentucky Department of Corrections would not repair it and further alleges that he received no pain medicine or treatment. He states that Dr. White advised him that he would be sent to physical therapy within 10 days to get a hernia belt.

He states that he filed two grievances and wrote a letter to Dr. Kemen about his lack of treatment, but was denied, and that as of November 26, 2007, he still had not received a hernia belt. Apparently, he did receive a hernia belt after that because his complaint also alleges that as of March 18, 2008, the only treatment he had received was a hernia belt, that he still had not received pain medication, that he is in constant pain, and that he believes that he has developed

peritonitis. Therefore, he states that he is filing this claim of deliberate indifference in violation of the Eighth Amendment.

Attached to his complaint are several letters and grievances written by Plaintiff concerning his alleged lack of medical care for his hernia and copies of encyclopedia entries regarding hernia. As relief, Plaintiff requests the maximum amount of monetary damages allowed by law; punitive damages; and injunctive relief in the form of surgery, pain medication, and follow up treatment.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

**A.      Official-capacity claims**

Plaintiff's claims against each of Defendants in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159,

166 (1985).  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  To the extent that Plaintiff seeks money damages from these state officers in their official capacities, he fails to allege cognizable claims under § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.  *See id.*

By separate order, the Court will dismiss Plaintiff's claims against Defendants in their official capacity for monetary damages.  The Court will allow the official-capacity claims for injunctive relief to proceed at this time.

**B.**     **Individual-capacity claims**

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).  Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate.  *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).  Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment."  *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)).  Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to

shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Plaintiff's belief that he requires surgical treatment for his hernia may represent only a disagreement over medical treatment and, as such, would not state a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). However, reading Plaintiff's complaint liberally, as the Court must, *Boag v. MacDougall,* 454 U.S. at 365, the Court will allow the Eighth Amendment claim against Defendants in their individual capacities to proceed forward at this time.

**C.    Criminal charges**

Plaintiff also states in his complaint that he wishes "to pursue charges." The Court does not have the power to direct that criminal charges be filed against anyone based on the allegations in the complaint. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970). The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Williams v. Luttrell*, 99 F. App'x. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 F. App'x. 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is

vested exclusively in the executive branch."). Thus, to the extent that Plaintiff is requesting that this Court institute criminal charges in this matter, such a claim will be dismissed.

### III. CONCLUSION

By separate order the Court will dismiss Plaintiff's claims against Defendants in their official capacities for money damages. The Court also will dismiss Plaintiff's request to initiate criminal charges. The Court will allow Plaintiff's Eighth Amendment claims against Dr. White and Dr. Kemen in their official capacities for injunctive relief and in their individual capacities for all relief to go forward. The development of those claims will be governed by a separate scheduling order. In allowing these claims to go forward, the Court does not pass judgment on the ultimate merits of these claims.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.009