# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**HERBERT WARD**                                                                               **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:08-CV-P238-S**

**FRANK W. KEMEN et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

Defendant Frederick Kemen, M.D.,[1] has filed a motion for summary judgment (DN 27). Plaintiff has responded. The matter being ripe, the Court will grant Defendant's motion for summary judgment for the following reasons.

## I. FACTS

Plaintiff is incarcerated at the Kentucky State Reformatory (KSR). He sued Frank W. Kemen, KSR Hospital Administrator, and KSR doctor Steven White. He stated that on November 9, 2007, he was seen by Dr. White who diagnosed a hernia. He alleged that he was told by Dr. White that the Kentucky Department of Corrections would not repair it and further alleged that he received no pain medicine or treatment. He stated that Dr. White advised him that he would be sent to physical therapy within 10 days to get a hernia belt.

Plaintiff stated that he filed two grievances and wrote a letter to Dr. Kemen about his lack of treatment and about the fact that $3.00 was deducted from his account even though he had not been treated. He stated that on November 26, 2007, he received Dr. Kemen's denial of his grievance. He states that he appealed Dr. Kemen's decision but the Health Care Committee concurred with Dr. Kemen's decision.

---

[1] In his summary-judgment motion, Defendant identifies himself as Frederick rather than Frank.

Attached to his complaint were several letters and grievances written by Plaintiff concerning his alleged lack of medical care for his hernia and copies of encyclopedia entries regarding hernias. Included is a November 21, 2007, letter written by Plaintiff to Dr. Kemen asking for medical treatment for his hernia. He also attached a grievance form dated November 10, 2007, with a response from Dr. Kemen as follows:

> You submitted a sick call slip on 10/29/2009 because of a soft lump in the left groin. Dr. White diagnosed a small hernia that can be reduced (pushed back into place). This hernia is not a threat to your life or health. Therefore, it cannot be repaired at state expense per DOC policy. A truss or hernia belt is perfectly adequate treatment. You do, however, have the option of having your hernia repaired at your expense. Because you requested the appointment with Dr. White, you were appropriately charged a $3.00 copay, as required by DOC policy. You can buy ibuprofen or acetaminophen in the canteen.

## II. ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears

the burden of proof.  *Id*.  If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)).  If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Dr. Kemen argues that he is entitled to summary judgment because the only theory under which Plaintiff argues that he is liable is that Dr. Kemen was involved in the grievance process.  He contends that he cannot be held liable under a theory of *respondeat superior* or because he participated in the grievance process.  He asserts that he never provided medical care for Plaintiff and that Plaintiff has stated no facts to indicate that he was personally involved in any of the medical decisions.

In his response, Plaintiff asserts that Dr. Kemen did have a duty as a supervisor.  He asserts that Defendant Kemen as a physician knew that a hernia left untreated could be serious and that he was on notice *via* the grievance filed by Plaintiff of Plaintiff's hernia.  Therefore, Dr. Kemen had a duty, argues Plaintiff, to examine Plaintiff to better ascertain his medical condition before making his decision.

Plaintiff argues that Dr. Kemen directly participated in the grievance process, learned about the violation of his rights and failed to fix it, and allowed or encouraged the illegal acts or was grossly negligent in managing the people he was supposed to supervise.  In support, Plaintiff cites *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985).  Actually, that case does not support

Plaintiff's position. In addition to being from a different circuit, it reaffirms that "Section 1983 does not recognize a doctrine of superiors' liability." *Duckworth*, 780 F.2d at 650.

By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Correctional Med. Servs.*, 73 F. App'x. 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 F. App'x. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

Because Plaintiff's only allegations against Dr. Kemen arise out of the decision to deny his administrative grievances, Dr. Kemen is entitled to summary judgment. *See Shehee*, 199 F.3d at 300.

## III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Dr. Kemen's motion for summary judgment (DN 27).  <u>The Clerk of Court is **DIRECTED** to terminate Dr. Kemen as a Defendant in this action</u>.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4411.009