# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**HERBERT WARD**                                                 **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:08-CV-P238-S**

**FRANK W. KEMEN et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

Defendant Steve White, M.D., has filed a motion for summary judgment (DN 53). Plaintiff has responded (DN 56). The matter being ripe, the Court will grant Defendant's motion for summary judgment for the following reasons.

### I. FACTS

Plaintiff is incarcerated at the Kentucky State Reformatory (KSR). He sued Frank W. Kemen, KSR Hospital Administrator, and KSR doctor Steve White. He stated that on November 9, 2007, he was seen by Dr. White for what he thought was a cyst on his groin but which turned out to be a hernia. He alleged that he was told by Dr. White that the Kentucky Department of Corrections would not repair it and further alleged that he received no pain medicine or treatment. He stated that Dr. White advised him that he would be sent to physical therapy within 10 days to get a hernia belt.

Plaintiff stated that he filed two grievances and wrote a letter to Dr. Kemen about his lack of treatment, but was denied. He also alleged that as of March 18, 2008, the only treatment he had received was a hernia belt, that he still had not received pain medication, that he was in constant pain, and that he believed that he had developed peritonitis.

Attached to his complaint were several letters and grievances written by Plaintiff concerning his alleged lack of medical care for his hernia and copies of encyclopedia entries

regarding hernias. On initial review, the Court allowed the official-capacity claims for injunctive relief and the individual-capacity claims for monetary and injunctive relief to go forward.

## II. ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Defendant White argues that he is entitled to summary judgment because, in fact,

2

Plaintiff received medical care from him following his diagnosis of a hernia in November 2007 in that Defendant referred Plaintiff to the KSR Physical Therapy department for evaluation for a hernia guard or other appropriate therapy, and consequently the KSR Physical Therapy department evaluated Plaintiff and issued a Bell-Horn deluxe hernia guard in December 2007. Defendant White also provided medical counseling to Plaintiff on the need for him to modify his heavy weight lifting and exercise routine to protect the hernia and avoid further injury. Defendant argues that he did not prescribe pain medication because he did not feel it was medically necessary but that over-the-counter pain medication was available through the inmate canteen or the pill call lines.

Defendant states that he again examined Defendant in May 2008 at which time examination disclosed that the hernia was easily reducible and, in his medical opinion, no surgical repair was warranted because the hernia remained reducible by non-surgical means that did not carry the risks associated with surgery.

Defendant White attaches numerous attachments to his motion, including his affidavit. Defendant White avers that in his opinion Plaintiff's "frequent injuries were the result of poor technique doing exercises in his training routine"; that examination on November 9, 2007, revealed a small hernia that was reducible and which presented no complication; that the last time he saw Plaintiff for medical care was May 1, 2008, and at that time Plaintiff was upset about not being approved for hernia surgery but his hernia remained easily reducible. He further averred that there are significant risks associated with surgical treatment of hernias, including infection, bleeding, and adverse reaction to anesthesia, and that "[m]edical research indicates that success rates are similar for conservative and surgical treatment of non complicated inguinal

3

hernias." He also avers that under the Kentucy Corrections Health Care Services Protocol a procedure would have to fall into the category of a Level 2 procedure or higher before the treating physician would have authority to authorize the procedure and because Plaintiff's hernia was not large and was reducible by non-surgical means, Defendant lacked the authority to authorize the procedure. He further avers that at no time during his care of Plaintiff did Plaintiff have or exhibit symptoms of peritonitis. He states that by July 7, 2008, Plaintiff's hernia had progressed to the point where it was non-reducible, and subsequently Plaintiff had hernia surgery on August 27, 2008, without incident. Defendant states that his opinion is that postponement of surgery had no adverse effect on Plaintiff and that the fact that the hernia progressed to a larger, non-reducible hernia was probably caused by Plaintiff's workout habits.

Defendant also attaches a consultation request from the KSR Physical Therapy department dated November 9, 2007, which stated, "direct hernia in known heavy wt lifter; discussed protection . . . Consultation Requested: PT for truss eval." He also attaches a medical progress note dated May 1, 2008, which notes that the hernia was "easily reducible."

Plaintiff argues that his hernia was not the result of his exercise regime and that, in any event, he has a right to exercise. He asserts that Defendant White knows or should know the risks of hernias, especially those left untreated. He contends that in August 2008, after this suit was filed, he was examined by Dr. Thomas Hart at Baptist Hospital Northeast, who recommended treatment. He asserts that his "patient's rights" were violated and that a hernia belt is not reasonably adequate medical care, especially for an "incarcerated hernia."

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference

to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp*., 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

The standard applied in reviewing the actions of prison doctors and medical staff in this type of case is deferential. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Courts will generally refrain from "second guessing" the adequacy of a particular course of treatment where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Defendant argues that Plaintiff only evidences a disagreement with his medical care. The Court agrees. The fact that some months later a different doctor recommended surgery does not transform Plaintiff's disagreement with Defendant's diagnosis and treatment plan into a constitutional issue. Since there are many ways to treat an illness or ailment, courts generally do not hold prison doctors to the recommendations of other doctors. *See White v. Napoleon*, 897

5

F.2d 103, 1010 (3d Cir. 1990). Moreover, even if the denial of surgery could be considered malpractice, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Furthermore, a court will generally not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). The attachments to Defendant's motion establish that Defendant examined Plaintiff's hernia twice, counseled him about proper exercise to avoid further injury, and referred him to the Physical Therapy department so that he could be evaluated for a hernia belt or other appropriate care. Thus, although Plaintiff obviously did not feel that it was adequate, Defendant White did provide medical treatment for Plaintiff's hernia.

### III. CONCLUSION & ORDER

Plaintiff has failed to refute Defendant's arguments and has also failed to demonstrate the existence of genuine issues of material fact. Therefore, Defendant is entitled to judgment as a matter of law. The motion for summary judgment (DN 53) is **GRANTED**. Plaintiff's claims are **DISMISSED**.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4411.009